**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

LARIVIERE, GRUBMAN & PAYNE,
LLP, a California limited liability
partnership,

      Plaintiff-Counter-
      Claim-Defendant-
      Appellant,

v.

EDWARD H. PHILLIPS,

      Defendant-Counter-
      Claimant,

and

JOHN C. HERMAN, individually and as
a partner of Duane Morris, LLP; ALLEN
L. GREENBERG, individually and as a
partner of Duane Morris, LLP; DUANE
MORRIS, LLP, a limited liability
partnership; M. SHANE EDGINGTON,
individually and as a member of Hensley,
Kim & Edington, LLC; HENSLEY, KIM
& EDGINGTON, LLC, a Colorado
limited liability company,

      Defendants.

CARL F. MANTHEI,

      Interested Party-Appellee.

No. 11-1464
(D.C. No. 1:07-CV-01723-WYD-CBS)
(D. Colo.)

---
**ORDER AND JUDGMENT**[*]
---

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

This diversity action concerns the prioritization of competing attorneys' charging liens under Colo. Rev. Stat. § 12-5-119. Specifically, the law firm of LaRiviere, Grubman & Payne (LGP) appeals from the district court's grant of attorney Carl F. Manthei's renewed motion for immediate release of registry funds, arguing that the district court erroneously held the "first in time, first in right rule" applicable to competing attorneys' liens.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo the district court's interpretation of Colorado law. *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 956 (10th Cir. 2011).

The parties are familiar with the facts and procedural history in this case and we need not restate either here. Having undertaken a thorough review of the briefs, the record, and the applicable law, we conclude that LGP has not identified any

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

reversible error in this case.  We therefore AFFIRM the district court's judgment for

substantially the same reasons stated in its thorough September 7, 2011, order.


                              Entered for the Court


                              Mary Beck Briscoe
                              Chief Judge